**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| **LINDA EAGLE,** |
| **Plaintiff,** |
| **v.** |
| **SANDI MORGAN, HAITHAM SAEAD, JOSEPH MELLACI, ELIZABETH SWEENEY, LISA ARNSPERGER, QAMAR ZAMAN, and EDCOMM, INC.,** |
| **Defendants.** |

**Civil Action No. 11-4303(RB)**

## ANSWER AND COUNTERCLAIMS

Defendants Sandi Morgan, Haitham Saead, Joseph Mellaci, Elizabeth Sweeney, Lisa Arnsperger, Qamar Zaman, and Edcomm, Inc., by and through their undersigned counsel, hereby answer the allegations in plaintiff Linda Eagle's complaint as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2.      Admit the allegations contained in the first and last sentence of paragraph 2 of the complaint and the allegation that SISCOM is organized under the laws of Saudi Arabia, but deny the allegations in the second sentence that Sawabeh Information Services Company ("SISCOM") does business in Pennsylvania and that SISCOM is not owner of one hundred percent of the outstanding shares of Edcomm.

3.      Admit the allegations contained in paragraph 3 of the complaint.

4.      Admit the allegations that Haitham Saead is a citizen of Saudi Arabia, that he has been the Managing Director of Edcomm since approximately March of 2011 and that he is an

officer of SISCOM, and deny the remainder of the allegations contained in paragraph 4 of the complaint.

5.      Admit the allegations contained in paragraph 5 of the complaint.

6.      Admit the allegations contained in paragraph 6 of the complaint.

7.      Admit the allegations contained in paragraph 7 of the complaint.

8.      Admit the allegations contained in paragraph 8 of the complaint, except deny that Qamar Zaman is an employee of SISCOM.

9.      Admit that Dr. Eagle purports to assert claims arising under the statutes cited therein and that those statutes provide this Court with subject matter jurisdiction and deny the remainder of the allegations contained in paragraph 9 of the complaint.

10.      Admit that Dr. Eagle alleges that venue is proper in this District based on the allegations contained in paragraph 10 of the complaint.

11.      Admit that Dr. Eagle has experience and a reputation in the field of education for the financial services industry and deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 11 of the complaint.

12.      Admit upon information and belief the allegations contained in paragraph 12 of the complaint.

13.      Deny that a response is required to the first sentence of paragraph 13, admit that Dr. Eagle has a reputation in the field of financial education, deny upon information and belief any suggestion that the efforts to cultivate that reputation from 1987 through June of 2011 were not at Edcomm's expense or on Edcomm's behalf, and deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 13 of the complaint.

14.     Deny upon information and belief that Dr. Eagle's investment of time, effort and money from 1987 through June of 2011 was at her own expense or on her own behalf, admit that Dr. Eagle spoke at conferences and met with banking leaders, but deny upon information and belief any suggestion that she did not to so at Edcomm's expense or on Edcomm's behalf,  and deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 14 of the complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint and refer to the document cited therein for its content.

16.     Admit upon information and belief the allegations contained in the first paragraph and deny the remainder of the allegations contained in paragraph 16 of the complaint.

17.     Deny the allegations contained in paragraph 17 of the complaint.

18.     Admit the allegations contained in paragraph 18 of the complaint.

19.     Deny the allegations contained in paragraph 19 of the complaint.

20.     Deny the allegations contained in paragraph 20 of the complaint and refer to the document cited therein for its content.

21.     Deny the allegations contained in paragraph 21 of the complaint and refer to the document cited therein for its content.

22.     Deny the allegations contained in paragraph 22 of the complaint and refer to the document cited therein for its content.

23.     Deny the allegations contained in paragraph 23 of the complaint and refer to the document cited therein for its content.

24.     Admit the allegations contained in paragraph 24 of the complaint.

25.     Deny the allegations contained in paragraph 25 of the complaint and refer to the document cited therein for its content.

26.     Deny the allegations contained in paragraph 26 of the complaint and refer to the document cited therein for its content

27.     Admit the allegations in the first sentence and that Eagle, Brody and Shapp remained in Edcomm's employ until on or about June 20, 2011, and deny the remainder of the allegations contained in paragraph 27 to the extent they imply there can be a good faith dispute about the effect of the Term Sheet.

28.     Admit the allegations contained in paragraph 28 of the complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 29 of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 30 of the complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 31 of the complaint.

32.     Admit the allegations contained in paragraph 32 of the complaint.

33.     Admit the allegations contained in paragraph 33 of the complaint.

34.     Admit the allegations contained in paragraph 34 of the complaint.

35.     Deny the allegations contained in paragraph 35 of the complaint.

36.     Admit the allegations contained in the first clause of paragraph 36 of the complaint and that Ms. Sweeney performed the tasks identified in the second clause, but deny the remaining allegations.

37.     Deny the allegations contained in paragraph 37 of the complaint.

38.     Deny the allegations contained in paragraph 38 of the complaint.

39.     Deny the allegations contained in paragraph 39 of the complaint.

40.     Deny the allegations contained in paragraph 40 of the complaint.

41.     Deny the allegations contained in paragraph 41 of the complaint to the extent they contain allegations of fact and a response is required.

42.     Deny the allegations contained in paragraph 42 of the complaint.

43.     Deny the allegations contained in paragraph 43 of the complaint.

44.     Deny the allegations contained in paragraph 44 of the complaint.

45.     Deny the allegations contained in paragraph 45 of the complaint.

46.     Deny the allegations contained in paragraph 46 of the complaint.

47.     Deny the allegations contained in paragraph 47 of the complaint.

48.     Deny the allegations contained in paragraph 48 of the complaint and refer to the document cited therein for its content.

49.     Deny the allegations contained in paragraph 49 of the complaint.

50.     Deny the allegations contained in paragraph 50 of the complaint.

51.     Deny the allegations the allegations contained in paragraph 51 of the complaint and refer to the document cited therein for its content.

52.     Deny the allegations the allegations contained in paragraph 52 of the complaint and refer to the document cited therein for its content.

53.     Deny knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 53 of the complaint.

54.     Deny the allegations contained in paragraph 54 of the complaint.

55.     Deny the allegations contained in paragraph 55 of the complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 56 of the complaint.

57.     Deny the allegations contained in paragraph 57 of the complaint.

58.     Deny the allegations contained in paragraph 58 of the complaint and refer to the document cited therein for its content.

59.     Deny the allegations the allegations contained in paragraph 59 of the complaint.

60.     Deny the allegations contained in paragraph 60 of the complaint to the extent they contain allegations of fact and a response is required.

61.     Repeat, reallege and incorporate the response to all proceeding allegations as if fully set forth herein.

62.     Deny that a response is required to the allegations contained in paragraph 62 of the complaint because they omit any allegation of fact.

63.     Deny the allegations contained in paragraph 63 of the complaint, except admit that certain Defendants accessed the Linked In account at issue.

64.     Deny the allegations contained in paragraph 64 of the complaint.

65.     Deny the allegations contained in paragraph 65 of the complaint.

66.     Deny the allegations contained in paragraph 66 of the complaint.

67.     Deny knowledge sufficient to form a belief as to the truth of the allegations the allegations contained in paragraph 67 of the complaint and refer to the document cited therein for its content.

68.     Deny the allegations contained in paragraph 68 of the complaint to the extent they contain allegations of fact and a response is required.

69.     Deny the allegations contained in paragraph 69 of the complaint.

70.     Repeat, reallege and incorporate the response to all proceeding allegations as if fully set forth herein.

71.     Deny that a response is required to the allegations contained in paragraph 62 of the complaint because they omit any allegation of fact.

72.     Deny the allegations contained in paragraph 72 of the complaint.

73.     Deny the allegations contained in paragraph 73 of the complaint.

74.     Deny the allegations contained in paragraph 74 of the complaint.

75.     Repeat, reallege and incorporate the response to all proceeding allegations as if fully set forth herein.

76.     Deny that a response is required to the allegations contained in paragraph 76 of the complaint because they omit any allegation of fact.

77.     Deny the allegations contained in paragraph 77 of the complaint.

78.     Deny the allegations contained in paragraph 78 of the complaint.

79.     Deny the allegations contained in paragraph 79 of the complaint.

80.     Deny the allegations contained in paragraph 80 of the complaint.

81.     Deny the allegations contained in paragraph 81 of the complaint.

82.     Deny the allegations contained in paragraph 82 of the complaint.

83.     Deny that a response is required to the allegations contained in paragraph 83 of the complaint because it is moot.

84.     Repeat, reallege and incorporate the response to all proceeding allegations as if fully set forth herein.

85.     Deny that a response is required to the allegations contained in paragraph 85 of the complaint because they omit any allegation of fact.

86.     Deny the allegations contained in paragraph 86 of the complaint.

87.     Deny the allegations contained in paragraph 87 of the complaint.

88.     Deny the allegations contained in paragraph 88 of the complaint.

89.     Deny the allegations contained in paragraph 89 of the complaint.

90.     Deny the allegations contained in paragraph 90 of the complaint.

91.     Deny the allegations contained in paragraph 91 of the complaint.

92.     Deny the allegations contained in paragraph 92 of the complaint.

93.     Deny that a response is required to the allegations contained in paragraph 93 of the complaint because it is moot.

94.     Repeat, reallege and incorporate the response to all proceeding allegations as if fully set forth herein.

95.     Deny the allegations contained in paragraph 95 of the complaint.

96.     Deny the allegations contained in paragraph 96 of the complaint.

97.     Deny the allegations contained in paragraph 97 of the complaint.

98.     Deny the allegations contained in paragraph 98 of the complaint.

99.     Deny the allegations contained in paragraph 99 of the complaint.

100.    Deny that a response is required to the allegations contained in paragraph 100 of the complaint because it is moot.

101.    Repeat, reallege and incorporate the response to all proceeding allegations as if fully set forth herein.

102.    Deny the allegations contained in paragraph 102 of the complaint.

103.    Deny the allegations contained in paragraph 103 of the complaint.

104.    Deny the allegations contained in paragraph 104 of the complaint.

105.    Deny the allegations contained in paragraph 105 of the complaint.

106.    Deny the allegations contained in paragraph 106 of the complaint.

107.    Deny that a response is required to the allegations contained in paragraph 100 of the complaint because it is moot.

108.    Repeat, reallege and incorporate the response to all proceeding allegations as if fully set forth herein.

109.    Deny that a response is required to the allegations contained in paragraph 109 of the complaint because they omit any allegation of fact.

110.    Deny that a response is required to the allegations contained in paragraph 110 of the complaint because they omit any allegation of fact.

111.    Deny the allegations contained in paragraph 111 of the complaint.

112.    Deny the allegations contained in paragraph 112 of the complaint.

113.    Deny the allegations contained in paragraph 113 of the complaint.

114.    Deny the allegations contained in paragraph 114 of the complaint

115.    Deny the allegations contained in paragraph 115 of the complaint.

116.    Repeat, reallege and incorporate the response to all proceeding allegations as if fully set forth herein.

117.    Deny the allegations contained in paragraph 117 of the complaint.

118.    Deny the allegations contained in paragraph 118 of the complaint and refer to the user agreement for its content.

119.    Deny the allegations contained in paragraph 119 of the complaint.

120.    Deny the allegations contained in paragraph 120 of the complaint.

121.    Deny the allegations contained in paragraph 121 of the complaint.

122.     Deny the allegations contained in paragraph 122 of the complaint.

123.     Repeat, reallege and incorporate the response to all proceeding allegations as if fully set forth herein.

124.     Deny that a response is required to the allegations contained in paragraph 124 of the complaint because they omit any allegation of fact.

125.     Deny the allegations contained in paragraph 125 of the complaint.

126.     Deny the allegations contained in paragraph 126 of the complaint.

127.     Deny the allegations contained in paragraph 127 of the complaint.

128.     Deny the allegations contained in paragraph 128 of the complaint.

129.     Deny the allegations contained in paragraph 129 of the complaint.

130.     Repeat, reallege and incorporate the response to all proceeding allegations as if fully set forth herein.

131.     Deny the allegations contained in paragraph 131 of the complaint.

132.     Deny the allegations contained in paragraph 132 of the complaint.

133.     Deny the allegations contained in paragraph 133 of the complaint.

134.     Deny the allegations contained in paragraph 134 of the complaint.

135.     Deny the allegations contained in paragraph 135 of the complaint.

136.     Repeat, reallege and incorporate the response to all proceeding allegations as if fully set forth herein.

137.     Deny the allegations contained in the first clause of paragraph 137 of the complaint and deny that a response is required to the second clause because it omits allegations of fact.

138.     Deny the allegations contained in paragraph 138 of the complaint.

139.   Deny the allegations contained in paragraph 139 of the complaint.

140.   Deny the allegations contained in paragraph 140 of the complaint.

141.   Deny the allegations contained in paragraph 141 of the complaint.

## DEFENSES

### FIRST DEFENSE

142.   The complaint and each cause of action fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

143.   No act or omission of any Defendant caused Eagle any compensable damages, and none in excess of $5,000.

### THIRD DEFENSE

144.   Recovery by Dr. Eagle is barred by the doctrines of unclean hands and/or *in pari delicto*.

### FOURTH DEFENSE

145.   Recovery by Dr. Eagle is barred by the doctrines of laches, waiver or estoppel.

### FIFTH DEFENSE

146.   Recovery by Dr. Eagle is barred by the doctrines of ratification or acquiescence.

### SIXTH DEFENSE

147.   Edcomm is entitled to a set off of any recovery for the harms caused to its business by Dr. Eagle.

WHEREFORE, having answered plaintiff Linda Eagle's complaint, Defendants Sandi Morgan, Haitham Saead, Joseph Mellaci, Elizabeth Sweeney, Lisa Arnsperger, Qamar Zaman, and Edcomm, Inc. respectfully request that this Court:

i.      dismiss the complaint with prejudice, or in the alternative, enter judgment in favor of Defendants on the counts alleged against them;

ii.      award Defendants reasonable attorneys' fees, costs and expenses incurred in defending this action; and

iii.      award such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Defendant Edcomm, Inc., by and through its undersigned counsel, asserts counterclaims against plaintiff Linda Eagle as follows:

## INTRODUCTION

1.      Counterclaim Plaintiff Edcomm is a New York corporation with corporate offices at 21 Penn Plaza, New York, New York and with facilities in Fort Washington, Pennsylvania. Edcomm is a multimedia company that specializes in providing consulting and training to the banking industry.

2.      Dr. Eagle is a former employee of Edcomm, its former President and one of its three former shareholders

3.      Since June 20, 2011, Dr. Eagle has engaged in numerous bad faith and unlawful acts that have caused injury, including but not limited to misappropriating Edcomm's connections on the linkedin.com ("Linked In") account described in Dr. Eagle's complaint ("Linked In Account") hijacking one of Edcomm's business account cell phone numbers  as well as misappropriating one of Edcomm's laptop computers.

## THE LINKEDIN ACCOUNTS

1.      Edcomm, while under Dr. Eagle's management, implemented a policy requiring Edcomm's employees, particularly those with client relationships, to create and maintain

LinkedIn accounts.

2.      These employees were required to:  (a) utilize their Edcomm email address for LinkedIn accounts; (b) utilize a specific form template, created and approved by Edcomm, for their description of Edcomm, work history and professional activities, as well as photographs taken by a professional photographer hired by Edcomm; (c) contain links to Edcomm's website on LinkedIn accounts and the Banker's Academy webpage, as well as Edcomm's telephone number; and (d) utilize Edcomm template for replying to individuals through LinkedIn.

3.      In connection with these policies, certain Edcomm employees monitored all employees' LinkedIn accounts,  immediately corrected any violation of Edcomm's LinkedIn policies, and maintained and augmented LinkedIn accounts for several employees for the benefit of Edcomm.

4.      Edcomm always retained its proprietary information on its employees' LinkedIn pages.  For all departing employees, Edcomm, at the direction of management including Dr. Eagle, requested and retrieved their Edcomm-related LinkedIn connections and content from their accounts.

5.      Dr. Eagle had a LinkedIn Account that she used for Edcomm business.

6.      With respect to the LinkedIn Account connections and content, Edcomm personnel, not Dr. Eagle, developed and maintained all connections and much of the content on the LinkedIn Account, actions that were taken solely at Edcomm's expense and exclusively for its own benefit.

7.      Notwithstanding Defendants' adoption of the policies implemented by the Former Shareholders, Dr. Eagle has wrongfully misappropriated Edcomm's connections on the LinkedIn Account and Edcomm's Number.

8.      Approximately three weeks after filing the complaint in this action, Eagle regained control of the LinkedIn Account.  As Dr. Eagle knew, the connections and other Edcomm-related content appearing thereon was developed, created, managed and maintained by Edcomm personnel for its exclusive benefit and use.

9.      Notwithstanding her knowledge of Edcomm's policies, Dr. Eagle has wrongfully refused to return to Edcomm its proprietary information on the LinkedIn Account.

10.     All discussions, connections and content were added by Ms. Arnsperger or Ms. Sweeney at the direction, and on behalf, of Edcomm.

11.     At all relevant times, including 2010 and 2011, Edcomm maintained an account with AT&T through which it purchased cellular telephones and maintained accounts for those employees who had responsibilities for sales.  Edcomm paid the AT&T bills for usage of the telephones.

12.     The cellular telephone numbers utilized by these employees were on Edcomm's account and were Edcomm's property.

13.     With Dr. Eagle's knowledge and consent, prior to her dismissal, when any employee who had a cellular telephone on Edcomm's account, Edcomm either disabled that number or transferred the number to another Edcomm employee.

14.     When Dr. Eagle was terminated, Edcomm followed the same protocol, which was developed with Dr. Eagle's knowledge and consent for departing employees, with respect to the cellular telephone number on Edcomm's account that she used while in its employ ("Edcomm's Number").

15.     She also misappropriated through fraudulent and wrongful means Edcomm's Number.

16.     After Dr. Eagle's termination, Edcomm immediately disabled Edcomm's Number, in accordance with its policies developed with Dr. Eagle's approval and consent.

17.     Following Edcomm's ordinary policy regarding the Edcomm's Number on Edcomm's AT&T account was particularly important in Dr. Eagle's case.  Edcomm's Number appeared on numerous Edcomm marketing materials and other documents distributed to clients. It is, therefore, likely that clients will call Edcomm's Number in an attempt to reach Edcomm. Moreover, because Dr. Eagle has made plain her intent to compete with Edcomm, her misappropriation of Edcomm's number threatens grave harm to its business.

18.     The client relationships at issue were developed at Edcomm's sole expense and for its sole benefit.

19.     At the time she transferred the Edcomm Number, Dr. Eagle no longer had authorization to utilize Edcomm's passwords or other information for any purpose.

20.     Upon information and belief Dr. Eagle misused Edcomm's EIN number to transfer Edcomm's Number to another cellular phone with an account at AT&T and/or otherwise misrepresented her affiliation with Edcomm.

21.     Because of the appearance of Edcomm's Number or its marketing and other client materials, Dr. Eagle's theft of this number will cause grave harm to its business.

22.     Upon information and belief, Dr. Eagle's now account for Edcomm's Number retains a link to Edcomm's AT&T account.  The basis of that belief is information received from AT&T.

23.     During her tenure at Edcomm, Dr. Eagle had a laptop personal computer issued by Edcomm ("Laptop").

24.     At the time of her termination, Dr. Eagle refused to return the Edcomm-issued

Laptop.

25.     Just prior to her departure from Edcomm's premises, Dr. Eagle took the Edcomm

issued Laptop from the premises.

26.     Despite repeated requests to return the Laptop computer, Dr. Eagle has not

complied.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(VIOLATION OF CFAA 18 U.S.C. SECTION 1030(A)(2)(C))**
**ON BEHALF OF EDCOMM**

27.     Repeat, realleage and incorporate by reference each and every prior allegation as

if fully set forth herein.

28.     Section 1030(A)(2)(C) prohibits the intentional accessing without authorization or

exceeding authorization and the obtaining of information from a protected computer.

29.     Upon information and belief, Edcomm's AT&T account is a "data storage facility

or communications facility directly related to operating in conjunction with" a computer as

defined by 47 U.S.C. Section 1030(e)(1).

30.     Upon information and belief, AT&T computers are utilized in interstate

commerce making them protected computers under the CFAA.

31.     Dr. Eagle, without authorization, accessed Edcomm's AT&T account, which is

hosted, upon information and belief on AT&T's computer.

32.     Through Dr. Eagle's misrepresentation of her affiliation with Edcomm or use of

its information without authorization, Dr. Eagle gained access to Edcomm's AT&T account on

AT&T's protected computer, obtained information therefrom and misappropriated Edcomm's

Number.

33.     As a direct and proximate result of Dr. Eagle's unlawful described above, Edcomm has suffered and/or will suffer actual and/or consequential damages including loss of business relations and is entitled to damages, as well as attorneys' fees, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF CFAA 18 U.S.C. SECTION 1030(A)(5)(C))
## ON BEHALF OF EDCOMM

34.     Repeat, realleage and incorporate by reference each and every prior allegation as if fully set forth herein.

35.     Section 1030(A)(5)(C) prohibits the intentional accessing of a protected computer and causing harm as a result of that access

36.     Upon information and belief, Edcomm's AT&T account is a "data storage facility or communications facility directly related to operating in conjunction with" a computer.

37.     Upon information and belief, AT&T computers are utilized in interstate commerce making them protected computers under the CFAA.

38.     Dr. Eagle, without authorization, accessed Edcomm's AT&T account, which is hosted, upon information and belief on AT&T's computer.

39.     Through Dr. Eagle's misrepresentation of her affiliation with Edcomm or use of its information without authorization, Dr. Eagle gained access to Edcomm's AT&T account and misappropriated Edcomm's Number.

40.     As a direct and proximate result of Dr. Eagle's unlawful described above, Edcomm has suffered and/or will suffer actual and/or consequential damages including loss of business relations and is entitled to damages, as well as attorney fees.

**THIRD CAUSE OF ACTION**
**(MISAPPROPRIATION)**
**ON BEHALF OF EDCOMM**

41.     Repeat, realleage and incorporate by reference each and every prior allegation as if fully set forth herein.

42.     Pursuant to policies developed with the knowledge and consent of Dr. Eagle, Edcomm was the rightful owner of Edcomm's Number and LinkedIn Account connections.

43.     Edcomm prepared and distributed marketing materials containing Edcomm's Number at its sole expense and for its sole benefit and use.

44.     Edcomm's personnel developed, maintained and furthered the LinkedIn Account for Edcomm's sole benefit and use.

45.     Notwithstanding her knowledge of Edcomm's policies and investment therein, Dr. Eagle intentionally and through wrongful means misappropriated Edcomm's Number and LinkedIn Account connections for her own use.

46.     In part because of Dr. Eagle's intent to compete with Edcomm, as direct and proximate result of Dr. Eagle's misappropriation described above, Edcomm has suffered and/or will suffer actual and/or consequential damages including loss of good will and business relations and is entitled to damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(UNFAIR COMPETITION)**
**ON BEHALF OF EDCOMM**

47.     Repeat, realleage and incorporate by reference each and every prior allegation as if fully set forth herein.

48.     Through wrongful means, Dr. Eagle has taken Edcomm's Number and LinkedIn Account connections, both of which will give her unauthorized access to Edcomm's clients and

instructors.

49.     Dr. Eagle knew at the time she wrongfully converted Edcomm's Number and the

Linked In Account connections that such information was proprietary to Edcomm.

50.     In part because of Dr. Eagle's intent to compete with Edcomm, as direct and

proximate result of Dr. Eagle's wrongful conduct described above, Edcomm has suffered and/or

will suffer actual and/or consequential damages including loss of good will and business

relations and is entitled to damages in an amount to be determined at trial.

<strong>FIFTH CAUSE OF ACTION<br>
(CONVERSION)<br>
ON BEHALF OF EDCOMM</strong>

51.     Repeat, realleage and incorporate by reference each and every prior allegation as

if fully set forth herein.

52.     Pursuant to policies developed with the knowledge and consent of Dr. Eagle,

Edcomm was the rightful owner of Edcomm's Number, LinkedIn Account connections, and

Laptop.

53.     Notwithstanding her knowledge of Edcomm's policies and investment therein and

the true ownership, Dr. Eagle intentionally and through wrongful means converted Edcomm's

Number, LinkedIn Account connections, and Laptop.

54.     As direct and proximate result of Dr. Eagle's conversion described above,

Edcomm has suffered and/or will suffer actual and/or consequential damages including loss of

good will and business relations and is entitled to damages in an amount to be determined at trial.

<strong>SIXTH CAUSE OF ACTION<br>
(TORTIOUS INTERFERENCE WITH CONTRACT)<br>
ON BEHALF OF EDCOMM</strong>

55.     Repeat, realleage and incorporate by reference each and every prior allegation as

19

if fully set forth herein.

56.     Edcomm was a party to a contract with AT&T for the provision of cellular telephone service.  That contract included all telephone numbers on its account, including the Cell Number.

57.     Dr. Eagle was aware of the contract between AT&T and Edcomm.

58.     Dr. Eagle, without justification or excuse, tortiously interfered with that contract by using without authorization Edcomm's information and/or misrepresented her affiliation with Edcomm to interfere with that contract to transfer Edcomm's number to another account.

59.     By transferring Edcomm's Number, Dr. Eagle wantonly and maliciously deprived Edcomm of the benefits of its agreement with AT&T, including the exclusive use of Edcomm's Number.

60.     As a direct and proximate result of Dr. Eagle's tortious described above, Edcomm has suffered and/or will suffer actual and/or consequential damages including loss of good will and business relations and is entitled to damages in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**(PENNSYLVANIA UNIFORM TRADE SECRETS ACT, 12 Pa. C.S.A. § 5301, et seq)**
**ON BEHALF OF EDCOMM**

61.     Repeat, realleage and incorporate by reference each and every prior allegation as if fully set forth herein.

62.     By virtue of her employment with Edcomm, Dr. Eagle gained access to Edcomm's trade secrets and confidential information, including Edcomm's AT&T account information, customer contacts and instructor identities and contacts.

63.     Dr. Eagle has misappropriated the Edcomm AT&T account information to take Edcomm's Number.

64.     Taking of the Edcomm Number will allow Dr. Eagle to utilize Edcomm's trade secrets to and for the benefit of herself.

65.     Dr. Eagle's misappropriation and misuse of Omnicare's trade secrets is and was willful and malicious.

66.     As a direct and proximate result of Dr. Eagle's tortious described above, Edcomm has suffered and/or will suffer actual and/or consequential damages including loss of good will and business relations and is entitled to both compensatory and exemplary damages, as well as attorneys' fees, in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION
### (TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS)
### ON BEHALF OF EDCOMM

67.     Repeat, realleage and incorporate by reference each and every prior allegation as if fully set forth herein

68.     Edcomm invested heavily in developing client relationships both in the United States and internationally.  Edcomm had prospective relationships with these clients.

69.     Dr. Eagle was aware of the prospective relationships with these clients.

70.     Dr. Eagle, without justification or excuse, tortiously interfered these prospective relationships by using without authorization Edcomm's information and/or misrepresented her affiliation with Edcomm to interfere with that contract to transfer Edcomm's number to another account.

71.     As a direct and proximate result of Dr. Eagle's tortious described above, Edcomm has suffered and/or will suffer actual and/or consequential damages including loss of good will and business relations and is entitled to damages in an amount to be determined at trial.

WHEREFORE, Counterclaim plaintiff Edcomm respectfully demands judgment as follows:

     i.     compensatory damages in an amount to be determined at trial;

     ii.     punitive damages in an amount to be determined at trial;

     iii.     providing for return of the Laptop;

     iv.     all of the costs of suit (including attorneys' fees and costs);  and

     v.     granting such other and further relief as this Court deems just and proper.

Dated:  Philadelphia, Pennsylvania
        August 1, 2011                    Respectfully submitted,

                                      /s/ Samantha L. Southall
                                    Samantha L. Southall, Esq. (Pa. I.D. No. 80709)
                                    samantha.southall@bipc.com
                                    BUCHANAN INGERSOLL & ROONEY PC
                                    Two Liberty Place
                                    50 S. 16th Street, Suite 3200
                                    Philadelphia, PA 19102-2555
                                    Telephone:  (215) 665-8700
                                    Facsimile:  (215) 665-8760

                                    Philip L. Hirschhorn (admitted *pro hac vice*)
                                    philip.hirschhorn@bipc.com
                                    BUCHANAN INGERSOLL & ROONEY PC
                                    1290 Avenue of the Americas, 30th Floor
                                    New York, New York 10104
                                    Telephone (212) 440-4400
                                    Fax (212) 440-4401

                                    *Counsel for Defendants/Counterclaim Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 1st day of August, 2011, the foregoing Answer and

Counterclaims was filed using the CM/ECF system.  The filing is available for viewing and

downloading via the CM/ECF system and the CM/ECF system will send notification of such

filling to all attorneys of record who have registered for CM/ECF updates.

<u>/s/ Samantha L. Southall</u>
Samantha L. Southall