UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------- X

LINDA EAGLE,                                        :
             Plaintiff/Counterclaim Defendant,    :    Civil Action No. 11-4303(RB)

v.                                                  :

SANDI MORGAN, HAITHAM SAEAD, JOSEPH                 :
MELLACI, ELIZABETH SWEENEY, LISA
ARNSPERGER, QAMAR ZAMAN, and EDCOMM, INC.,          :

             Defendants/Counterclaimants.          :

------------------------------------- X

## REPLY TO COUNTERCLAIMS

Plaintiff/counterclaim Defendant Linda Eagle ("Dr. Eagle"), by and through her counsel, Vandenberg & Feliu, LLP, hereby replies to the Counterclaims as follows:

1. Admits the allegations of paragraph 1 set forth in the Introduction.

2. Admits the allegations of paragraph 2 set forth in the Introduction.

3. Denies the allegations of paragraph 3 set forth in the Introduction.

### THE LINKEDIN ACCOUNTS

1. Denies the allegations set forth in paragraph 1.

2. Denies the allegations set forth in paragraph 2.

3. Denies the allegations set forth in paragraph 3.

4. Denies the allegations set forth in paragraph 4.

5. Admits that Dr. Eagle had and has a LinkedIn Account, which used for business and personal purposes, but otherwise denies the allegations set forth in paragraph 5.

6. Denies the allegations set forth in paragraph 6.

7. Denies the allegations set forth in paragraph 7.

8. Denies the allegations set forth in paragraph 8 except admits that Dr. Eagle regained control of her LinkedIn account after filing the Complaint.

9. Denies the allegations set forth in paragraph 9.

10. Denies the allegations set forth in paragraph 10.

11. Denies the allegations set forth in paragraph 11 except admits that Dr. Eagle had a cell phone for which AT&T provided services and that the monthly fees were paid for by Edcomm at some point in time in 2010 and 2011 while she was an Edcomm employee.

12. Denies the allegations set forth in paragraph 12.

13. Denies the allegations set forth in paragraph 13.

14. Denies the allegations set forth in paragraph 14.

15. Denies the allegations set forth in paragraph 15.

16. Denies knowledge or information as to the truth of the allegations set forth in paragraph 16.

17. Denies the allegations in paragraph 17 except admits that Dr. Eagle's cell phone number appears on certain Edcomm documents, upon which the number is identified as Dr. Eagle's cell phone number.

18. Denies the allegations set forth in paragraph 18.

19. Denies the allegations set forth in paragraph 19.

20. Denies the allegations set forth in paragraph 20 except admits that Dr. Eagle activated another cell phone device with her cell phone number.

21. Denies the allegations set forth in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Admits the allegations set forth in paragraph 23.

24. Denies the allegations set forth in paragraph 24.

25. Denies the allegations set forth in paragraph 25.

26. Denies the allegations set forth in paragraph 26.

## FIRST CAUSE OF ACTION

27. Repeats, realleges and incorporates by reference Dr. Eagle's responses to each and every prior allegation as if fully set forth herein.

28. Paragraph 28 states a legal conclusion and is therefore denied.

29. Denies the allegations set forth in paragraph 29.

30. Denies the allegations set forth in paragraph 30 except admits that AT&T's computer systems are used in interstate commerce.

31. Denies the allegations set forth in paragraph 31.

32. Denies the allegations set forth in paragraph 32.

33. Denies the allegations set forth in paragraph 33.

## SECOND CAUSE OF ACTION

34. Repeats, realleges and incorporates by reference Dr. Eagle's responses to each and every prior allegation as if fully set forth herein.

35. Paragraph 35 states a legal conclusion and is therefore denied.

36. Denies the allegations set forth in paragraph 36.

37. Denies the allegations set forth in paragraph 37 except admits that AT&T's computer systems are used in interstate commerce.

38. Denies the allegations set forth in paragraph 38.

39. Denies the allegations set forth in paragraph 39.

40. Denies the allegations set forth in paragraph 40.

### THIRD CAUSE OF ACTION

41. Repeats, realleges and incorporates by reference Dr. Eagle's responses to each and every prior allegation as if fully set forth herein.

42. Denies the allegations set forth in paragraph 42.

43. Denies the allegations set forth in paragraph 43 except admits that Dr. Eagle's cell phone number appears on certain Edcomm documents, upon which it is identified as Dr. Eagle's cell phone number.

44. Denies the allegations set forth in paragraph 44.

45. Denies the allegations set forth in paragraph 45.

46. Denies the allegations set forth in paragraph 46.

### FOURTH CAUSE OF ACTION

47. Repeats, realleges and incorporates by reference Dr. Eagle's responses to each and every prior allegation as if fully set forth herein.

48. Denies the allegations set forth in paragraph 48.

49. Denies the allegations set forth in paragraph 49.

50. Denies the allegations set forth in paragraph 50.

### FIFTH CAUSE OF ACTION

51. Repeats, realleges and incorporates by reference Dr. Eagle's responses to each and every prior allegation as if fully set forth herein.

52. Denies the allegations set forth in paragraph 52.

53. Denies the allegations set forth in paragraph 53.

54. Denies the allegations set forth in paragraph 54.

## SIXTH CAUSE OF ACTION

55. Repeats, realleges and incorporates by reference Dr. Eagle's responses to each and every prior allegation as if fully set forth herein.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57. Denies the allegations set forth in paragraph 57 except admits that Dr. Eagle knew that AT&T provided mobile phone services to Edcomm.

58. Denies the allegations set forth in paragraph 58.

59. Denies the allegations set forth in paragraph 59.

60. Denies the allegations set forth in paragraph 60.

## SEVENTH CAUSE OF ACTION

61. Repeats, realleges and incorporates by reference Dr. Eagle's responses to each and every prior allegation as if fully set forth herein.

62. Denies the allegations set forth in paragraph 62.

63. Denies the allegations set forth in paragraph 63.

64. Denies the allegations set forth in paragraph 64.

65. Denies the allegations set forth in paragraph 65.

66. Denies the allegations set forth in paragraph 66.

## EIGHTH CAUSE OF ACTION

67. Repeats, realleges and incorporates by reference Dr. Eagle's responses to each and every prior allegation as if fully set forth herein.

68. Admits the allegations in the first sentence set forth in paragraph 68 and denies the allegations in the second sentence set forth in paragraph 68.

69. Denies the allegations set forth in paragraph 69.

70. Denies the allegations set forth in paragraph 70.

71. Denies the allegations set forth in paragraph 71.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The counterclaims are barred by the doctrines of laches, waiver, or estoppel.

For example, Edcomm suspended service for Dr. Eagle's Cell Phone Number after Dr. Eagle's termination, reflecting its abandonment of any claim or interest in using that number.

Also by way of illustration, Edcomm is estopped from claiming an interest in Dr. Eagle's LinkedIn account because other former employees left Edcomm and continued to maintain LinkedIn accounts after their departures. Copies of LinkedIn profiles of several former Edcomm employees are attached hereto as Exhibit A.

### THIRD AFFIRMATIVE DEFENSE

The counterclaims are barred by the doctrine of ratification.

For example, Edcomm knew and was aware that company employees, including Dr. Eagle, used their cell phones for personal use as well as business use.

Likewise, Edcomm knew or had constructive knowledge that Dr. Eagle used her LinkedIn account to maintain contact with individuals other than Edcomm customers. Profiles of

a sampling of Dr. Eagle's contacts who did not do business with Edcomm are attached as Exhibit B hereto. These contacts include Dr. Eagle's daughter-in-law (Melissa Hogue Katz), college classmates (Dr. Lorain Szabo Wankoff), professional colleagues from prior employers (Susan Bulkeley Butler and Roderick Chu), and childhood friends (Allan Jacobson). These screenshots say "1st" on them because they are Dr. Eagle's connections.

## FOURTH AFFIRMATIVE DEFENSE

The counterclaims are barred by the doctrine of unclean hands.

Edcomm's conduct, such as hijacking her LinkedIn account, stealing her identity, and trying to profit from her reputation after summarily firing her is wrongful and bars Edcomm from recovering the relief sought in its Counterclaims.

## FIFTH AFFIRMATIVE DEFENSE

The counterclaims are barred because Edcomm does not have any lawful claim of ownership of Dr. Eagle's LinkedIn account, her LinkedIn contacts, or her cell phone number.

## SIXTH AFFIRMATIVE DEFENSE

The counterclaims are barred because they are premature and are not yet ripe.

## SEVENTH AFFIRMATIVE DEFENSE

The counterclaims are barred because Edcomm has not suffered any compensable damages.

## EIGHTH AFFIRMATIVE DEFENSE

The counterclaims are barred by the doctrine of preemption.

## NINTH AFFIRMATIVE DEFENSE

The counterclaims are barred because Dr. Eagle's conduct was privileged or justified.

Dr. Eagle's actions, such as going to an AT&T Wireless store, submitting personal identification, and having a cellphone number assigned to a new cellphone are not acts which constitute "wrongful means" under the causes of action alleged in Edcomm's counterclaims. These actions are all privileged and justified.

### TENTH AFFIRMATIVE DEFENSE

The counterclaims are barred because Edcomm has not alleged the basis from which a finder of fact could conclude that it has any trade secrets or proprietary information.

For example, Edcomm can have no claim that the identity of its customers is a trade secret when its website contains a list of more than 1,000 customers, a list which is reflected on Exhibit C hereto.

Likewise, Edcomm can have no claim that there is anything proprietary about its EIN, which is also available through publicly-available records.

Similarly, the identity of Edcomm's instructors is reflected in these individuals' LinkedIn profiles. Several such profiles of Edcomm instructors are attached hereto as Exhibit D.

WHEREFORE, Dr. Eagle respectfully requests that the Court dismiss the counterclaims with prejudice, award Dr. Eagle reasonable attorneys' fees, costs and expenses incurred in defending against the Counterclaims, and award such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 20, 2011

                                              VANDENBERG & FELIU, LLP
                                              Attorneys for Plaintiff/Counterclaim Defendant

                                              _____
                                              Jeffrey E. Gross (JG 5200)
                                              60 E. 42nd Street, 51st Floor
                                              New York, NY 10165
                                              (212) 763-6839

                                              Admitted pro hac vice

                                              ROSENTHAL LURIE LLC
                                              486 Thomas Jones Way
                                              Suite 210
                                              Exton, PA 19341
                                              (484) 693-0788